PORTIA MOORE (State Bar No. 108023)
   portiamoore@dwt.com
GIANCARLO UREY (State Bar No. 267069)
   giancarlourey@dwt.com
MARIA ARAKELIAN (State Bar No. 327796)
   mariaarakelian@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
F5, INC. and NGINX SOFTWARE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA DIBACCO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>F5, INC., a Washington Corporation; F5 NETWORKS, INC., a Washington Corporation; NGINX SOFTWARE, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **'26CV2806 BTM AHG**<br><br>**DEFENDANT F5, INC.'S NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Corporate Disclosure Statement, Notice of Parties with Financial Interest, Civil Cover Sheet, Declarations of William Miller and Giancarlo Urey]<br><br>State Action Filed: February 6, 2026 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant F5, Inc. ("F5")[1] hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446, on the grounds that (1) there is complete diversity of citizenship because Plaintiff Alexandra Dibacco ("Plaintiff") is a citizen of a State different from F5 and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In support of such removal, F5 states as follows:

1.      On or about February 6, 2026, Plaintiff filed the above-captioned action in the Superior Court of the State of California for the County of San Diego ("State Action"). A true and correct copy of the Complaint filed in the State Action (the "Complaint") is attached hereto as **Exhibit A**; *see also* Declaration of Giancarlo Urey ("Urey Decl."), ¶ 2.

2.      In the Complaint, Plaintiff asserts seven employment-related causes of action: (1) discrimination on the basis of disability/perceived disability/medical condition; (2) retaliation; (3) failure to reasonably accommodate disability; (4) failure to engage in a timely, good faith, interactive process with employee with disability; (5) failure to prevent discrimination, harassment, and retaliation; (6) violation and inference with California Family Rights Act; and (7) wrongful termination in violation of public policy.

---

[1] NGNIX Software, Inc. ("NGNIX") and F5 Networks, Inc. were also named as defendants in the Complaint. It is NGINX's position that it is an improper and sham defendant. For that reason, it does not join F5 in removing the action. That said, to the extent NGNIX's consent is required, NGINX consents to the removal. Separately, Plaintiff has since voluntarily dismissed F5 Networks, Inc. *See* Urey Decl., ¶ 2, **Ex. G**.

1

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

3.    On March 12, 2026, Plaintiff served the Complaint via Notices and Acknowledgment of Receipt ("NARs"). *See* Urey Decl., ¶ 8. F5 and NGNIX executed NARs on April 1, 2026. Therefore, service of the summons and Complaint was effective on April 1, 2026. *See id.* True and correct copies of the NARs are attached hereto as **Exhibit H**; *see also* Urey Decl., ¶ 8. Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. Section 1446(b), and removal is proper. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from the date of service of the summons and complaint).

4.    On April 30, 2026, F5 and NGNIX filed an Answer to the State Action with the Superior Court of the State of California for the County of San Diego. A true and correct copy of the Answer is attached hereto as **Exhibit J**; *see also* Urey Decl., ¶ 10.

5.    In the Complaint, Plaintiff also identifies "DOES 1 through 20" as defendants in the above action. Because "DOES 1 through 20" are fictitious and have not yet been served, their consent to joinder in removal is not required. *See* 28 U.S.C. Section 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

## DIVERSITY JURISDICTION

6.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332(a) and is one which may be removed to this Court pursuant to 28 U.S.C. section 1441(a) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Because the Complaint is pending in Superior Court of the State of California for the County of San Diego, removal of the Complaint to this District Court is proper pursuant to 28 U.S.C. sections 84, 1441(a), and 1446(a).

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

**DAVIS WRIGHT TREMAINE LLP**
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Plaintiff Is a Citizen of California:** To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *See Bank of N.Y. Mellon v. Nersesian*, No. CV 13-2604 PA (Ex), 2013 WL 8284799, at *7 (C.D. Cal. Apr. 16, 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799 at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). Residence is *prima facie* evidence of one's domicile. *See Sadeh v. Safeco Ins. Co.*, No. CV 12-03117 SJO (PLAx), 2012 WL 10759737, at *4 (C.D. Cal. June 12, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that she "resides in the State of California." *See* **Ex. A** [Complaint], ¶ 16. Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

7.     **F5 Is a Citizen of Washington:** For purposes of determining citizenship of a corporation, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As the Supreme Court has held, a corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . . the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (internal citations omitted).

8.     F5 is incorporated in Washington. *See* Urey Decl., ¶ 14. Additionally, F5 maintains its principal place of business, including its corporate headquarters and its primary management operations, in Seattle, Washington. *See id.*, **Ex. M** [Statement of Information] (showing that F5's CEO, Secretary, and CFO are based out of Seattle, Washington). At all relevant times, F5's officers have directed, controlled, and coordinated the company's activities from its Seattle, Washington,

3

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

headquarters. F5's administrative and executive functions are and have been largely centralized in its corporate headquarters in Seattle, where employees perform general administrative functions, including payroll, legal, tax, benefits, and accounting. F5's highest corporate officers are primarily located at the Seattle headquarters, and they direct, control, and coordinate the entity's activities from that location. Much of F5's senior management is also employed in Seattle and formulates corporate policies there. Thus, F5's principal place of business, including its corporate headquarters, is located in Seattle, Washington. *See, e.g., Morse v. G4S Secure Solutions (USA), Inc.*, No. 21-CV-413-CAB-BLM, 2021 WL 16251620, at *2 (S.D. Cal. Apr. 27, 2021) ("To that end, the notice of removal includes a statement of information from the California Secretary of State's website indicating that SCA is a New York corporation with its principal place of business in New York. [] Based on this information and evidence, Defendants have satisfied their burden to establish that the requisite diversity exists. Plaintiff's arguments to the contrary are unpersuasive.").

9.    Accordingly, F5 is and has at all relevant times been a citizen of the State of Washington.

10.    **Doe Defendants Are Disregarded**: Pursuant to 28 U.S.C. Section 1441(b)(1), "[i]n determining whether a civil action is removable . . . the citizenship of defendants under fictitious names shall be disregarded." Thus, the fictitious "DOES 1 through 20" in this action shall be disregarded for determining diversity jurisdiction.

11.    **NGNIX Was Fraudulently Joined and Should Be Disregarded**: Plaintiff attempts to destroy diversity jurisdiction by naming NGNIX as a party to her lawsuit. NGNIX is a resident of Delaware and California.

12.    On May 8, 2019, F5 (formerly known as F5 Networks, Inc.) acquired NGINX. *See* Declaration of William Miller ("Miller Decl."), ¶ 5. Although NGNIX employed Plaintiff prior to its acquisition by F5, Plaintiff's claims are not based on

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that pre-acquisition employment. Instead, Plaintiff alleges that F5 and NGNIX jointly employed her during the relevant statutory period and at the time of her discharge on October 15, 2025. *See* **Ex. A** [Complaint], ¶ 2. That allegation is legally and factually untenable. Following the May 8, 2019, acquisition, NGNIX wound down its operations as an employing entity. *See* William Decl., ¶¶ 5, 6. As of January 1, 2020, Plaintiff has been moved to F5 payroll as part of the integration process following the acquisition. *See id.*, ¶ 6. As of May 27, 2020, after being offered a new role within F5, Plaintiff executed an offer letter with F5 which states that she was accepting an offer of employment with F5. *See id.*, ¶ 7. As of today, and during all times relevant to Plaintiff's claims in the lawsuit, NGINX has been a non-operating holding company with no workforce or meaningful assets or operations. *See id.*, ¶ 6. Moreover, all discriminatory acts that Plaintiff complains of took place in 2025—five full years after the offer letter identifying F5 as Ms. DiBacco's employer was signed by the parties. *See id.*, ¶ 7, **Ex. 2** [May 27, 2020, Offer Letter].

13.    *Harwood v. Option Care Enterprises, Inc.*, 2019 WL 1952692, *6–8 (C.D. Cal. May 2, 2019), is directly on point. There, the plaintiff filed a lawsuit alleging 12 claims for relief—most under FEHA—against defendants Option Care Enterprises, Inc. ("OCE"); Option Care Home Care, Inc. ("OCHC"); Option Care Home Health of California, Inc. ("OCHHC"); Option Care, Inc. ("OCI"); and Walgreen Co. ("Walgreen"). *Id.* at *1. On February 19, 2019, the defendants timely removed the action, invoking diversity jurisdiction and asserting that OCI, Walgreen, Walgreen Boots Alliance, Co. ("WBA"), and Madison Dearborn Partners, LLC ("MDP") were sham defendants. The plaintiff moved to remand. *See id.* at 1-2.

14.    The plaintiff argued that the defendants had failed to show that OCI was a sham defendant. *See id.* at 6. The Court disagreed. The Court found that that "defendants have sufficiently established that OCI is a shell corporation with no

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

employees, and only OCE employees had the right to control the means and manner of Plaintiff's employment." *Id.* at *8*. ***Because OCI had no employees or managers, the Court found that the plaintiff could not plausibly assert that OCI oversaw day-to-day operations or made personnel decisions affecting her.*** *See id.* (citing *Helmick v. Dave & Buster's Inc.*, 2018 WL 1322110, at *5 (C.D. Cal. Mar. 14, 2018) (concluding defendants met their heavy burden of demonstrating fraudulent joinder where, "[b]eyond mere speculation," plaintiff failed to refute evidence that another entity controlled day-to-day operations and that its employees were the "sole decision-makers with respect to scheduling, hiring, firing, and disciplinary actions")).

15.    The Court in *Miller v. Swiss Re Underwriters Agency, Inc.*, No. CV 09-09551 DDP (JEMx), 2010 WL 935697 (C.D. Cal. Mar. 15, 2010), also found that the plaintiff could not establish that defendant SRUA was the plaintiff's employer because defendant SRUA had no employees, and its only relationship to defendant SRAC—the actual employing entity—was common parentage:

> From May 2000 through December 2007, Plaintiff was an employee of SRUA. Following a corporate reorganization in December 2007, Plaintiff was no longer on SRUA's payroll, and as a formal matter, she was an employee of SRAC. The conduct that forms the basis of her complaint occurred after May 2009, long after Plaintiff was reclassified as an employee of SRAC. Further, the supervisors that she identifies in the complaint (and accuses of engaging in retaliatory conduct in violation of FEHA) were, at all relevant times, employees of SRAC—not SRUA. Indeed, since the December 2007 reorganization, SRUA has not had any employees on its payroll.

*Id.*, at *2.

16.    The same is true here. Following the May 8, 2019, acquisition, NGNIX—an F5 subsidiary—was transitioned into a non-operating holding company after a multi-year integration period. *See* Miller Decl., ¶ 6. Currently, and at all times relevant to this lawsuit, NGINX has had no employees, no active business operations, and no meaningful assets since. *See id.* All customers, operations, and personnel associated with NGNIX were transferred to F5 as part of

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the acquisition. NGNIX has not maintained payroll, operations, or an independent workforce. *See id.*

17.     Additionally, after the May 8, 2019, acquisition, F5 did not adopt NGNIX's employment policies. Instead, F5's policies governed all employees, including Plaintiff, after the acquisition. *See id.*

18.     These sworn facts foreclose Plaintiff's attempt to characterize NGNIX as a joint employer under California law. In *Martinez v. Combs*, 49 Cal. 4th 35 (2010), the California Supreme Court held that an entity qualifies as an employer only if it exercised control over wages, hours, or working conditions; suffered or permitted the plaintiff to work; or engaged the plaintiff to create a common-law employment relationship. *See id.* at 50. An entity that lacks the power to hire or fire, set wages, or control the conditions of work does not "suffer or permit" the plaintiff to work. *See id.* at 70. The control inquiry is designed to prevent precisely the type of "sham arrangements" Plaintiff alleges here. *See id.* at 71.

19.     California courts apply similar principles under the Fair Employment and Housing Act ("FEHA"). "[T]he fundamental foundation for liability is the 'existence of an employment relationship' between the [defendant and the plaintiff]." *Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 123 (2004). The inquiry focuses on the totality of the circumstances, particularly the degree of control exercised over the employee's day-to-day work. *See id.* at 124.

20.     Under these standards, NGNIX was not Plaintiff's employer at any time relevant to her claims. *See* Miller Decl., ¶¶ 5-8.

21.     Although NGNIX hired Plaintiff on August 31, 2017, that employment relationship ended completely as a practical and legal matter, no later than approximately a year after F5's acquisition of NGNIX. *See id.*, ¶¶ 4-7. Thus, from May 27, 2020, through her discharge on October 15, 2025, Plaintiff was employed

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

exclusively by F5. *See id.*, ¶ 7, **Exs. 2** and **3** [Offer Letters].[2] F5 trained, supervised, managed, and—if necessary—disciplined Plaintiff through its own employees or employees of its non-U.S. subsidiaries, using its own employment policies and human resources infrastructure. Plaintiff's payroll records confirm she was paid solely by F5, effective January 1, 2020, which was responsible for her compensation and benefits. *See id.*, ¶ 6, **Ex. 1** [Payroll Records].

22.    Thus, like the entity in *Miller*, NGINX did not supervise Plaintiff, control her work, or participate in any personnel decisions at any time during the relevant period. Instead, all employment functions—including hiring, supervision, discipline, and termination—were performed exclusively by F5. *See id.*, ¶ 8. As such, NGINX cannot be deemed Plaintiff's employer under single or joint employment theories, and its only connection to Plaintiff's claims is its corporate relationship with F5, which is insufficient as a matter of law to establish liability.[3]

23.    For the reasons set forth in paragraphs 11 through 22, above, there is complete diversity between Plaintiff and F5, and NGNIX's citizenship must be disregarded because it was fraudulently joined. *See Ritchey v. Upjohn Drug Co.*,

---

[2] When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to prevent removal."); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

[3] For the same reasons set forth in paragraphs 11 through 22, Plaintiff cannot establish that NGINX can be liable on any claim under either an aiding-and-abetting or integrated enterprise theory. *See Miller*, 2010 WL 935697, at *3 (concluding that the integrated enterprise test was not met where corporate defendant had no employees and its only relation to the other entity was common parentage); *see also Harwood*, 2019 WL 195269, at *8 (holding that because OCI had no employees, it could not be liable by way of aiding and abetting).

8

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds.").

24.  **Amount in Controversy:** With respect to the amount in controversy, the threshold amount is satisfied in this action. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted). In addition, the Court should aggregate damages in determining whether the amount in controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("[A]ggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted). The amount in controversy "reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (citing *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

25.  Additionally, F5 needs only show by a preponderance of the evidence (i.e., that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). The Supreme Court has held under 28 U.S.C. section 1446(a) that a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

26.     Here, Plaintiff's allegations and the Prayer for Relief in the Complaint confirm that Plaintiff is seeking in excess of $75,000. The Complaint prays for relief against F5 on seven causes of action for the following damages: compensatory and special damages, emotional distress damages, punitive damages, attorneys' fees, prejudgment interest, and the costs of suit. *See* **Ex. A** [Complaint], Prayer for Relief.

27.     **Economic Damages:** Plaintiff seeks to recover economic damages. *See* **Ex. A** [Complaint], Prayer for Relief at 33:11-12. Plaintiff alleges that her employment ended on or about October 15, 2025. *See id.*, ¶ 48. At that time, Plaintiff was an exempt employee earning $12,372.76 per month. *See* Urey Decl., ¶ 15. Assuming approximately one year elapses before this matter proceeds to trial, Plaintiff's alleged back pay would total approximately **$149,000**. Her wage loss to date is approximately $74,237. *See id.* Accordingly, Plaintiff's economic damages alone will exceed the amount of controversy.

28.     **Emotional Distress Damages:** In addition, Plaintiff seeks to recover emotional distress damages. *See* **Ex. A** [Complaint], Prayer for Relief at 33:13-15. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy). For purposes of this removal, F5 will assume that Plaintiff is seeking at least **$30,000** in emotional distress damages. Such an assumption is reasonable. In *Betson v. Rite Aid Corporation*, Case No. Case No. BC427992 (Cal. Super. Ct. May 27, 2011), for example, the jury awarded the plaintiff $500,000 for past and future emotional distress resulting from a claim for harassment alone. *See* Urey Decl., ¶ 12, **Ex. K**. Similarly, in *Kamali v. California Department of Transportation*, Case No. BC426247 (Cal. Super. Ct. Dec. 20, 2012), the jury awarded the plaintiff $100,000 for past non-economic damages on claims for

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

**DAVIS WRIGHT TREMAINE LLP**
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

disability discrimination and harassment, failure to engage in the interactive process, and failure to provide reasonable accommodation. *See id.*, ¶ 13, **Ex. L**.

29. **Punitive Damages:** Plaintiff also asserts that she is entitled to recover punitive damages. *See* **Ex. A** [Complaint], Prayer for Relief at 33:24. It is well established that punitive damages are part of the amount in controversy in civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

30. For purposes of this removal, F5 will assume that Plaintiff is seeking only **$30,000** in punitive damages. Such an assumption is reasonable. Indeed, in *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (2002), the amount in controversy was satisfied when the plaintiff filed a complaint against his former employer for race discrimination and wrongful termination. *See id.* at 1033. The district court explained that a potential award of punitive damages, even if unspecified in the pleadings, can establish the requisite amount in controversy. *See id.* (citing $60,000 and several multimillion punitive damages awards while noting that, "[n]otwithstanding the[] differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases").

31. **Attorneys' Fees:** Plaintiff further alleges that she is entitled to recover attorneys' fees. *See* **Ex. A** [Complaint], Prayer for Relief at 33:22. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of the plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992) (holding that plaintiffs' pro rata share of statutory

11

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

attorneys' fees should be included in the jurisdictional amount). Here, Plaintiff seeks attorneys' fees under the FEHA, which contains prevailing party attorneys' fees provisions. *See* Cal. Gov't Code § 12965(b). As federal courts in California have stressed, litigating employment cases "will undoubtedly require substantial effort from counsel," and "attorneys' fees in individual discrimination cases often exceed the damages." *Simmons*, 209 F. Supp. 2d at 1035. Thus, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they would greatly exceed the $75,000 threshold if calculated through trial. *See id.* at 1034 (attorneys' fees "necessarily accrue until the action is resolved"). In any event, for purposes of this removal, F5 will assume that Plaintiff's attorneys' fees, through trial, will amount to at least **$30,000**.

32.    Plaintiff also seeks "such other and further relief as the court deems just and proper." *See* **Ex. A** [Complaint], Prayer for Relief at 33:25. Although uncertain in amount, these additional damages only serve to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-34 (W.D. Tenn. 2004) ("open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met amount in controversy requirement even though she pleaded in the complaint that she did not assert a claim for damages in excess of $75,000).

33.    Thus, based on the nature of Plaintiff's allegations and the anticipated relief she will seek—including lost employment earnings, emotional distress damages, punitive damages, and attorneys' fees—it is apparent that the amount in controversy exceeds $75,000. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (affirmed district court determination that it was "facially apparent" that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorney's fees); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount

12

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

satisfied based on damage claims for pain and suffering and humiliation). Moreover, with claims similar to Plaintiff's in the instant action, California juries have awarded plaintiffs damages well in excess of $75,000. *See Dillon v. Burbank-Glendale-Pasadena Airport Auth.*, No. BC386989, 2009 WL 1323588 (Cal. Super. Ct., Apr. 21, 2009) (jury verdict totaling $976,962 for lost earnings, future lost earnings, and past non-economic damages); *Ismen v. Beverly Hosp.*, No. BC366198, 2008 WL 4056258 (Cal. Super. Ct., Aug. 13, 2008) (jury verdict totaling $1,180,164 for economic damages for future wage loss, emotional distress, and punitive damages); *Kolas v. Access Business Group LLC*, No. BC362432, 2008 WL 496470 (Cal. Super. Ct., January 14, 2008) (jury verdict totaling $600,000 for lost earnings, future lost earnings, and non-economic damages). Here, combining Plaintiff's anticipated claims for lost earnings, the jurisdictional minimum is easily satisfied.

34.    As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a) and it is removable under 28 U.S.C. section 1441.

## MISCELLANEOUS

35.    Pursuant to 28 U.S.C. section 1446(a), the following constitutes all of the process, pleadings, or orders received or served by F5 or otherwise found in the state court file, and available to F5 at the time of the filing of this removal. True and correct copies are attached hereto:

Ex. A     Plaintiff's Complaint in the State Action;

Ex. B     Summons;

Ex. C     Civil Case Cover Sheet

Ex. D     Notice of Case Assignment and Case Management Conference;

Ex. E     Alternative Dispute Resolution (ADR) Information;

NOTICE OF REMOVAL
4930-2411-8938v.5 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

| | |
|---|---|
| Ex. F | Stipulation to Use Alternative Dispute Resolution (ADR); |
| Ex. G | Stipulation to Dismiss F5 Networks, Inc.; |
| Ex. H | Executed NARs; |
| Ex. I | Proofs of Service of Summons; and |
| Ex. J | Answer |

*See* Urey Decl., ¶¶ 2-10.

36.    No later than May 4, 2026, F5 will provide a written notice of removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Diego.

37.    F5 has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice of Removal.

Based on the foregoing, F5 hereby removes this action from the Superior Court of the State of California for the County of San Diego to this Court and requests that further proceedings be conducted in this Court as provided by law.

DATED: May 1, 2026

DAVIS WRIGHT TREMAINE LLP
PORTIA MOORE
GIANCARLO UREY
MARIA ARAKELIAN

By:_____
                    Maria Arakelian

Attorneys for Defendants
F5, INC. and NGINX SOFTWARE, INC.

14

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
2/6/2026 5:40:46 PM
Clerk of the Superior Court
By P. Neal          ,Deputy Clerk

ARIN NORIJANIAN, ESQ. (SBN 260936)
*arin@arinjames.com*
JAMES H. DEMERJIAN, ESQ. (SBN 266525)
*james@arinjames.com*
**ARIN | JAMES APC**
100 North Brand Blvd., Suite 620
Glendale, CA 91203
(818) 476-0133 | Fax: (818) 230-5243

Attorneys for Plaintiff,
ALEXANDRA DIBACCO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ALEXANDRA DIBACCO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>F5, INC., a Washington Corporation; F5 NETWORKS, INC., a Washington Corporation; NGINX SOFTWARE, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.   26CU006861C<br><br>**COMPLAINT FOR:**<br><br>1. **Discrimination on the basis of disability / perceived disability / medical condition (Cal. Govt. Code §§ 12940, *et seq.*)**<br>2. **Retaliation (Cal. Govt. Code §§ 12940, *et seq.*)**<br>3. **Failure to Reasonably Accommodate Disability (Cal. Govt. Code §§ 12940, *et seq.*)**<br>4. **Failure to Engage in a Timely, Good Faith, Interactive process With Employee With a Disability (Cal. Govt. Code §§ 12940, *et seq.*)**<br>5. **Failure to Prevent Discrimination, Harassment, and Retaliation (Cal. Govt. Code §§ 12940, *et seq.*)**<br>6. **Violation of and interference with CFRA (California Govt. Code § 12945.2)**<br>7. **Wrongful Termination in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

Arin | James APC
On behalf of the employee.

1

COMPLAINT

## NATURE OF ACTION

1.      Plaintiff ALEXANDRA DIBACCO ("Plaintiff" OR "DIBACCO") brings this action against Defendants NGINX SOFTWARE, INC. ("NGINX"), F5 NETWORKS, INC. ("F5 NETWORKS"), F5, INC. ("F5"), and DOES 1 through 20, inclusive (collectively, "Defendants"), seeking, among other things, statutory, compensatory and punitive damages, interests as allowed by law, costs, attorneys' fees, and other appropriate and just relief due to Defendants' unlawful conduct in violation of California Government Code §§ 12940 *et seq*, and 12945.2, and related damages, attorneys' fees, and equitable relief.

2.      Defendants hired and jointly employed DIBACCO on or around September 17, 2017. During the relevant times, DIBACCO worked from her home in San Diego, California. DIBACCO was a good and loyal employee, receiving several promotions. Unfortunately, DIBACCO has a long history with cancer, having been diagnosed in 2015 and 2020, and requires routine examinations and evaluations. In or around 2025, a physical symptom appeared in DIBACCO'S neck (swelling) raising concern that the cancer had returned. She had to undergo medical testing. This caused DIBACCO to experience severe anxiety. Her physical and mental disabilities affected her at work. Unfortunately, Defendants did not do anything to help her, and instead, engaged in a retaliatory campaign by giving her a poor performance evaluation and ultimately terminating her employment on or around October 15, 2025.

## PARTIES AND THEIR AGENTS

3.      Defendants employed DIBACCO from on or around September 17, 2017 until October 15, 2025. DIBACCO was a Customer Success Manager III and worked out of her home in San Diego, California.

4.      At all relevant times herein, DIBACCO was a resident and now is an individual residing in the County of San Diego, State of California.

5.      At all relevant times herein, F5 was and is a Washington corporation with its principal place of business in Seattle, Washington, and doing business throughout the State of California, including the County of San Diego.  F5 is a technology company.  DIBACCO is informed and believes, and based thereon alleges, that F5 is an employer as defined by the

2

COMPLAINT

California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA"), California Government Code §§ 12926, 12940, and 12945.2, as it regularly employs five or more employees.

6.      At all relevant times herein, F5 NETWORKS was and is a Washington corporation with its principal place of business in Seattle, Washington, and doing business throughout the State of California, including the County of San Diego.  F5 NETWORKS is a technology company.  DIBACCO is informed and believes, and based thereon alleges, F5 NETWORKS is an employer as defined by the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA"), California Government Code §§ 12926, 12940, and 12945.2, as it regularly employs five or more employees.

7.      At all relevant times herein, NGINX was and is a California corporation with its principal place of business in San Francisco, California, and doing business throughout the State of California, including the County of San Diego.  NGINX is a technology company.  DIBACCO is informed and believes, and based thereon alleges, NGINX is an employer as defined by the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA"), California Government Code §§ 12926, 12940, and 12945.2, as it regularly employs five or more employees.

8.      The true names and capacities, whether corporate, associate, individual or otherwise of defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.  Each of the defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff, as herein alleged.  Plaintiff will ask leave of court to amend this Complaint to show their names and capacities when the same have been ascertained.

9.      Whenever and wherever reference is made in this complaint to any act or failure to act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly, and severally.

Arin | James APC
On behalf of the employee.

3

COMPLAINT

Arin | James APC
On behalf of the employee.

10. Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, joint employer, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or consent of co-Defendants, and each of them. Moreover, Plaintiff is informed and believe and thereon allege that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants and their agents.

11. DIBACCO is informed and believes, and based thereon alleges that, Defendants are business entity agents to one another and carry about FEHA-regulated activities on behalf of one another.

12. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13. Plaintiff is informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venture of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14. Plaintiffs allege on information and belief that the named and DOE Defendants were: (1) acting as express agents, ostensible agents, servants, partners, and/or employees of each other; (2) acting within the scope of and pursuant to such agency and employment, and with the full knowledge, consent, permissions, approval and ratification, either express or implied, of each of the other defendants and benefited from the actions of every other defendant, thereby adopting such conduct and actions as their own; (3) acting as other's alter egos; and (4) aiding and abetting and offering substantial assistance to each other in the commissions of the alleged wrongful acts.

4

COMPLAINT

**JURISDICTION AND VENUE**

15. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes of except those given by statute to other trial courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

16. The California Superior Court has jurisdiction over Defendants because Defendants were at all relevant times authorized and did do business in the State of California. Further, Plaintiff resides in the State of California and the illegal conduct herein took place within the State of California.

17. Venue is proper in the County of San Diego because Defendants' wrongful conduct, as alleged herein, occurred in said County and State, and Plaintiff's employment, as alleged herein, was in said County and State.

**JOINT LIABILITY**

18. Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or consent of co-Defendants, and each of them. Moreover, Plaintiff is informed and believes and thereon alleges that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants and agents.

**DIBACCO EXHAUSTED HER ADMINISTRATIVE REMEDIES**

19. DIBACCO has exhausted her administrative remedies. On February 6, 2026, DIBACCO filed a timely complaint with the California Civil Rights Department ("CRD") and received her right to sue letter. A true and correct copy of the CRD complaint and right to sue letter is attached hereto as **EXHIBIT 1**.

**FACTS COMMON TO ALL CAUSES OF ACTION**

20. DIBACCO is a cancer survivor. In or around 2015, DIBACCO was diagnosed with thyroid cancer which had metastasized. In or around September 2015 DIBACCO underwent surgery and subsequently began treatment.

5

COMPLAINT

Arin | James APC
On behalf of the employee.

Arin | James APC
On behalf of the employee.

21. DIBACCO was hired on or around August 31, 2017 for the position of Sales Development Representative. DIBACCO was a good and loyal employee and performed well.

22. DIBACCO is informed and believes, and based thereon alleges that, Defendants are business entity agents to one another and carry about FEHA-regulated activities on behalf of one another. DIBACCO is informed and believes, and based thereon alleges that, Defendants were her joint employers.

23. In April 2019, DIBACCO was promoted to the position of Strategic Business Development Representative.

24. In or around November 2019, the cancer recurred. DIBACCO underwent another surgery and subsequently began treatment again.

25. As a result, in or around January 2020, DIBACCO was required her to take leave under the California Family Rights Act due to this serious health/medical condition. When Alexndra returned to work shortly thereafter, she continued to work.

26. In or around May 2020, DIBACCO earned another promotion, this time, to the position of Customer Success Manager ("CSM) II. As a CSM II, DIBACCO was strictly servicing Nginx customers. DIBACCO continued to perform well.

27. As a result of her 2020 diagnosis and following her recovery, DIBACCO required an annual medical examination in Houston, Texas. Defendants were aware of her diagnosis and this annual appointment and procedure.

28. In or around July or August 2022, DIBACCO's team was formally offered roles onto the F5 / F5 Networks customer success team in which DIBACCO would service customers of both NGINX and F5. DIBACCO's compensation / salary structure changed and she began working under a new supervisor, Francisco Campirano ("Campirano"). DIBACCO is informed and believes, and based thereon alleges, that at all relevant times herein, Campirano was a supervisor within the meaning of the FEHA. DIBACCO continued to perform well. Campirano was aware of DIBACCO's prior cancer diagnoses.

29. On or around March 5, 2025, DIBACCO received another promotion, this time, to the position of CSM III. DIBACCO continued to be supervised by Campirano. DIBACCO is

6

COMPLAINT

Arin | James APC
On behalf of the employee.

informed and believes, and based thereon alleges, that Campirano was one of the decisionmakers over her promotion at this time.

30. On or around Sunday May 4, 2025, DIBACCO noticed swelling in her neck and caused to be very concerned and scared. The swelling to her neck caused DIBACCO to fear that her cancer diagnoses from 2015 and 2020 had returned. This issue also caused DIBACCO to experience extreme mental stress which began affecting her at work. DIBACCO became disabled within the meaning of the FEHA as these physical and mental conditions limited major live activities, including, but not limited to, physical, mental, and social activities, and/or working, and/or sleeping, and/or speaking, and/or concentrating, and/or thinking, and/or communicating, and/or interacting with others.

31. On or around May 6 or May 7, 2025, DIBACCO informed Campirano regarding this development and that she was not feeling well.

32. DIBACCO was seen by her physician to have the swelling evaluated on or around May 6, 2025. Her physician acknowledged the swelling and advised DIBACCO to continue to monitor it.

33. On or around May 6 or May 7, 2025 (the same day of her doctor's appointment, or the day after), DIBACCO attended a videoconference meeting with a client, along with Campirano and Senior Director Helena Kantzavelos. This particular customer was a legacy customer and it was DIBACCO's first time meeting him. The meeting was at 7 a.m. Pacific Standard Time. Prior to the meeting, DIBACCO and the Account Team came to an agreement that DIBACCO would assume a certain role during the meeting with the customer. The swelling in DIBACCO's neck was visible and obvious, and she was under extreme stress. The conversation with the customer grew increasingly intense, as the customer repeatedly argued that he was entitled to a new contract. DIBACCO explained to the customer the reasons why a new contract was not possible. Following this videoconference in June 2025, DIBACCO spoke to Kantzavelos and told her that she wasn't feeling herself, that she was feeling sick, and specifically told Kantzavelos about the swelling in her neck that was making her feel stressed and scared. Kantzavelos was also aware of DIBACCO's prior cancer diagnoses.

7

COMPLAINT

Arin | James APC
On behalf of the employee.

34.     All the while, DIBACCO was also preparing to leave the country to travel to Japan for a pre-planned trip on May 8, 2025.  The thought of traveling to a foreign country while fearing that her diagnosis may have returned was causing DIBACCO to experience intense stress and anxiety.

35.     On or around May 8, 2025 prior to leaving the country, DIBACCO spoke to another manager – Christopher An – and informed him that she was feeling sick and described her physical symptom.  An downplayed the issue and said that maybe she had slept on the wrong side.  This made DIBACCO feel like her issue wasn't being taken seriously.  DIBACCO then went to Japan.

36.     The swelling in DIBACCO's neck worsened while she was in Japan, and on or around May 14, 2025, DIBACCO attended a medical appointment with an ENT doctor in Osaka.

37.     DIBACCO returned to work on or around May 27, 2025.

38.     Immediately upon returning to work, DIBACCO informed Campirano that the swelling in her neck had gotten worse while she was in Japan.

39.     On or around July 18, 2025, DIBACCO was seen at a local San Diego based healthcare provider and underwent a medical procedure / evaluation. DIBACCO had made this appointment several weeks prior. DIBACCO also informed Campirano about this appointment. The procedure / examination showed abnormalities which required more serious and invasive testing in Houston, Texas.  DIBACCO's stress and anxiety increased significantly, and it continued affecting her at work.

40.     Meanwhile, beginning in or around July 2025, Campirano's attitude changed with DIBACCO. He began a campaign of retaliation and harassment whereby he would scold her and micromanage for her routine tasks, such as updates to the administrative system.  DIBACCO was struggling mentally and Campirano was aware of this. DIBACCO desperately required an accommodation but feared retaliation from Campirano. Campirano did nothing to help or accommodate her, nor did he engage in an interactive process with her.

8

COMPLAINT

41.    DIBACCO's appointment at the Houston, Texas facility was scheduled for August 21, 2025.  She made this appointment at least about two weeks beforehand. DIBACCO informed Campirano about this appointment as well.

42.    DIBACCO traveled to Houston on or around August 21, 2025 and underwent additional testing and an additional medical examination.  Her physicians told DIBACCO to continue to monitor the situation.

43.    DIBACCO returned to work the next day, on or around August 22, 2025.

44.    In or around August 2025, Campirano issued a retaliatory Management Assessment and Ratings form that DIBACCO is informed and believes, and based thereon alleges, was placed inside her personnel file.  For the first time in her career with Respondents, DIBACCO was rated "Below Expected Impact."  The evaluation also referenced the May 6 or 7 customer meeting, and Campirano said she needed "more collaborative behaviors."  The Assessment also contained other retaliatory statements.

45.    DIBACCO is informed and believes, and based thereon alleges, that Campirano harbored discriminatory and retaliatory animus against her due to her disabilities, medical conditions, medical appointments, and her needs for accommodation. DIBACCO is informed and believes, and based thereon alleges, that at no time did Campirano engage in an interactive process with her nor did he offer any accommodations.

46.    DIBACCO continued to work through September, despite struggling mentally after everything she had been through. DIBACCO is informed and believes, and based thereon alleges, that Defendants were aware of this.  No one at Defendants engaged in an interactive process with DIBACCO nor did anyone offer her any accommodations.  No one at Defendants offered CFRA leave to DIBACCO, even though she met the qualifications for said leave.

47.    On or around October 7, 2025, DIBACCO was summoned into a videoconference meeting with Campirano and a human resources representative.  Campirano informed DIBACCO that her employment was terminated.  DIBACCO was in disbelief and became angry by this news. She could not believe that her long-term employer would terminate her after dealing with serious medical issues.  DIBACCO objected to the termination and unequivocally stated that she was

9

COMPLAINT

being discriminated against. The human resources representative then stated things were "getting heated" and the meeting was ended.

48.    On October 15, 2025, Defendants wrongfully terminated DIBACCO's employment.  Defendants presented DIBACCO with a severance agreement, offering her money in exchange for a full release of any and all claims, known and unknown.  DIBACCO refused to sign the severance agreement.

49.    Defendants discriminated and retaliated against DIBACCO based on her disabilities, perceived disabilities, and/or medical condition, her need for accommodation, and her protected activities. Defendants also violated the CFRA.

50.    Defendants wrongfully terminated DIBACCO'S EMPLOYMENT.  Defendants discriminated and retaliated against DIBACCO based on her disabilities, perceived disabilities, and/or medical condition, as well as her protected activities. DIBACCO'S rights under the CFRA were violated. Defendants failed to engage in a timely and good faith interactive process with DIBACCO and failed to reasonably accommodate DIBACCO.  DIBACCO is informed and believes and based thereon alleges that the proffered reason for her termination was a pretext for discrimination and retaliation.  Defendants conduct caused DIBACCO to suffer damages, including but not limited to emotional distress.

**FIRST CAUSE OF ACTION**

**Discrimination on the Bases of Disability, Perceived Disability, Medical Condition**

**(Cal. Govt. Code §§ 12940, *et seq.*)**

**[Against all Defendants]**

51.    Plaintiff restates and incorporates by reference all above stated paragraphs as though set forth herein.

52.    FEHA requires Defendants to refrain from discriminating against employees on the basis of disability, and/or perceived disability, and/or medical condition among others and to prevent discrimination on the basis of disability, and/or perceived disability, and/or medical condition from occurring.

10

COMPLAINT

53.     As aforementioned herein, Plaintiff had disabilities and a medical condition that limited her major life activities such as physical, mental, and social activities, and/or working, and/or sleeping, and/or speaking, and/or concentrating, and/or thinking, and/or communicating, and/or interacting with others. As such, Plaintiff was a member of the protected classes applicable herein in that she had a serious medical condition or disabilities, namely her cancer diagnoses, related medical conditions, and mental health disabilities, which made performance of the aforementioned major life activities difficult.  Defendants were aware of Plaintiff's medical conditions and/or disabilities and/or perceived her to be disabled.

54.     At all times relevant hereto, Plaintiff was performing competently and satisfactorily in the position she held with Defendants or could have performance competently and satisfactorily with reasonable accommodation.

55.     Plaintiff suffered the adverse employment actions of harassment, retaliation, failure to prevent harassment and discrimination, failure to accommodate, failure to engage in engage in an interactive process, interference with rights under the CFRA, loss of gainful employment and related benefits, termination of employment, and was harmed as result.  Defendants' unlawful conduct alleged herein and above, was a substantial factor in causing Plaintiff's harm.

56.     Plaintiff is informed and believes, and based thereon alleges, that her disabilities and/or perceived disabilities and/or medical condition, participation in protected activities, requiring accommodations and/or some combination of these protected characteristics and/or activities were substantial motivating reasons and/or factors in the decision to subject Plaintiff to the aforementioned adverse employment actions.  Plaintiff was also subject to the above-mentioned adverse actions due to her need and request for accommodation.

57.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

58.     As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff was damaged.

59.     As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and

11

COMPLAINT

Arin | James APC

On behalf of the employee.

anguish, humiliation, medical expenses, anxiety, losses in salary/wages, advancement, opportunity advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had she not be subjected to unlawful and/or wrongful conduct, all to her damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial.

60.     As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged hereinabove and below, Plaintiff has been harmed in that she has suffered intangible loss of such employment and employment-related opportunities as experience from her position and lack of opportunities to perform duties and tasks within her lengthy experience and expertise, without limitation.

61.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendants were the result and consequences of Defendants' failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.  By failing to stop the discrimination, harassment and retaliation, Defendants ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

62.     As a direct and proximate result of Defendants' unlawful conduct, plaintiff has suffered and continues to suffer general and special, economic and non-economic damages in an amount to be proven at trial.

63.     Indeed, Plaintiff has been caused, and did suffer, continues to suffer severe and/or permanent emotional distress and mental distress.  Prior to the occurrences of the incidents, Plaintiff did not suffer from severe emotional distress or did not do so to the extent she currently does, which was caused and/or exacerbated as a result of aforesaid Defendants' conduct, as described herein.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

64.     As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has been forced and/or may be forced to incur expenses for medical care and/or treatment,

12

COMPLAINT

all in an amount which is presently unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

65.     As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has suffered and/or will suffer monetary damages, including but not limited to a loss of earnings.  Plaintiff will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

66.     The acts of aforesaid Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and/or with their express knowledge, consent, and ratification.  Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof Defendants' conduct constitutes malice, oppression, or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294.

67.     The foregoing conduct of Defendants was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

68.     By the acts and conduct of aforesaid Defendants, Plaintiff was directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, medical and related expenses for care and procedures now and in the future, attorneys' fees, and other pecuniary loss not yet ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

Arin | James APC
On behalf of the employee.

13

COMPLAINT

69. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

70. The FEHA also provides remedies, including by not limited to, declaratory and injunctive relief, which Plaintiff is entitled to as a result of aforesaid Defendants' unlawful conduct.

71. Plaintiff has exhausted all applicable administrative remedies.

72. Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

## SECOND CAUSE OF ACTION

### FEHA Retaliation

### (Cal. Govt. Code § 12940, *et seq.*)

### [Against all Defendants]

73. Plaintiff restates and incorporates by reference all above stated paragraphs as though set forth herein.

74. Government Code §12940(h) forbids an employer to retaliate against an employee for opposing unlawful discrimination and/or for engaging in protected activities.

75. As described hereinabove, the actions of Defendants constitute unlawful discrimination on the basis of disabilities or perceived disabilities or medical condition against Plaintiff, and against her need for accommodations and/or medical leave, and her protected activities.

76. As described hereinabove, Plaintiff engaged in the protected conduct of opposing discrimination, taking leave of absence, attending medical appointments, requiring accommodations, by Defendants.

77. Plaintiff suffered the adverse employment actions of harassment, retaliation, failure to investigate harassment, failure to prevent harassment and discrimination, failure to accommodate, interference with her rights under the CFRA, failure to engage in engage in an interactive process, loss of gainful employment and related benefits, termination of employment,

14

COMPLAINT

and was harmed as result. Defendants' unlawful conduct alleged herein and above, was a substantial factor in causing Plaintiff's harm.

78.     Plaintiff is informed and believes, and based thereon alleges, that her disabilities or perceived disabilities or medical condition, participation in protected activities, opposition to discrimination and harassment, complaining to Defendants about Defendants' discrimination, retaliation, and harassment, taking leave of absence, attending medical appointments, her requiring accommodation and/or some combination of these protected characteristics and/or activities were substantial motivating reasons and/or factors in the decision to subject Plaintiff to the aforementioned adverse employment actions. Plaintiff was also subject to the above-mentioned adverse actions due to her need and request for accommodation.

79.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

80.     As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff was damaged.

81.     As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, medical expenses, anxiety, losses in salary/wages, advancement, opportunity advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had she not be subjected to unlawful and/or wrongful conduct, all to her damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial.

82.     As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged hereinabove and below, Plaintiff has been harmed in that she has suffered intangible loss of such employment and employment-related opportunities as experience from her position and lack of opportunities to perform duties and tasks within her lengthy experience and expertise, without limitation.

83.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendants were the result and consequences of Defendants' failure to supervise, control,

15

COMPLAINT

Arin | James APC

On behalf of the employee.

direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate. By failing to stop the discrimination, harassment and retaliation, Defendants ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

84. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer general and special, economic and non-economic damages in an amount to be proven at trial.

85. Indeed, Plaintiff has been caused, and did suffer, continues to suffer severe and/or permanent emotional distress and mental distress. Prior to the occurrences of the incidents, Plaintiff did not suffer from severe emotional distress or did not do so to the extent she currently does, which was caused and/or exacerbated as a result of aforesaid Defendants' conduct, as described herein. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

86. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has been forced and/or may be forced to incur expenses for medical care and/or treatment, all in an amount which is presently unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

87. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has suffered and/or will suffer monetary damages, including but not limited to a loss of earnings. Plaintiff will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

88. The acts of aforesaid Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and/or with their express knowledge, consent, and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof Defendants' conduct

16

COMPLAINT

constitutes malice, oppression, or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294.

89.    The foregoing conduct of Defendants was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

90.    By the acts and conduct of aforesaid Defendants, Plaintiff was directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, medical and related expenses for care and procedures now and in the future, attorneys' fees, and other pecuniary loss not yet ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

91.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

92.    The FEHA also provides remedies, including by not limited to, declaratory and injunctive relief, which Plaintiff is entitled to as a result of aforesaid Defendants' unlawful conduct. Plaintiff has exhausted all applicable administrative remedies.

93.    Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

**THIRD CAUSE OF ACTION**

**Failure to Reasonably Accommodate Disability**

**(Cal. Govt. Code §§ 12940, *et seq.*)**

**[Against all Defendants]**

94.    Plaintiff restates and incorporates by reference all above stated paragraphs as though set forth herein.

17

Arin | James APC

On behalf of the employee.

95. At all times relevant hereto, Plaintiff was willing and able to perform the essential duties and functions of the position she held at Defendants, or could have performed the duties and functions of her position with reasonable accommodation. At no time would performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, or disabilities as they were perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disabilities, or disabilities as they were perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff and failed to engage in the interactive process with Plaintiff and instead discriminated and harassed Plaintiff.

96. Defendants harassed, discriminated, retaliated, did not engage in the interactive process with her and did not accommodate her disabilities because of Plaintiff's disabilities or perceived disabilities or medical condition, because of her participation in protected activities, because she required accommodation and/or some combination of these protected characteristics and/or activities.

97. Defendants discriminated and retaliated against Plaintiff by failing to reasonably accommodate Plaintiff for Plaintiff's disabilities, or disabilities, as they were perceived by Defendants, or medical condition in violation of the FEHA. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California.

98. As a result of Defendants' adverse actions, including harassment, hostile work environment, failure to accommodate, failure to engage in the interactive process, interference with rights under the CFRA, discrimination, harassment and retaliation, and termination. Plaintiff was harmed. Defendants' adverse actions were a substantial factor in causing Plaintiff's harm.

99. Defendants' retaliatory actions against Plaintiff, as alleged above, constituted unlawful conduct in employment on account of her disabilities, or perceived disabilities, or medical condition

100. Plaintiff is informed and believes and thereon alleges that Defendants' desire to avoid accommodating Plaintiff was a motivating factor in the decisions of Defendants to discriminate against her and ultimately take adverse employment actions against her.

18

COMPLAINT

101.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

102.    As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff was damaged.

103.    As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, medical expenses, anxiety, stress, losses in salary/wages, advancement, opportunity advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had she not be subjected to unlawful and/or wrongful conduct, all to her damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial.

104.    As a direct and proximate result of Defendants' unlawful conduct, plaintiff has suffered and continues to suffer general and special, economic and non-economic damages in an amount to be proven at trial.

105.    Indeed, Plaintiff has been caused, and did suffer, continues to suffer severe and/or permanent emotional distress and mental distress.  Prior to the occurrences of the incidents, Plaintiff did not suffer from severe emotional distress or did not do so to the extent she currently does, which was caused and/or exacerbated as a result of aforesaid Defendants' conduct, as described herein.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

106.    As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has been forced and/or may be forced to incur expenses for medical care and/or treatment, all in an amount which is presently unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

107.    As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has suffered and/or will suffer monetary damages, including but not limited to a loss of earnings.  Plaintiff will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

19

COMPLAINT

108. The foregoing conduct of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and/or with their express knowledge, consent, and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof Defendant's conduct constitutes malice, oppression, or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294.

109. The foregoing conduct of Defendants was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

110. By the acts and conduct of aforesaid Defendants, Plaintiff was directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, medical and related expenses for care and procedures now and in the future, attorneys' fees, and other pecuniary loss not yet ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

111. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

112. The FEHA also provides remedies, including by not limited to, declaratory and injunctive relief, which Plaintiff is entitled to as a result of aforesaid Defendants' unlawful conduct.

113. Plaintiff has exhausted all applicable administrative remedies.

20

COMPLAINT

114. Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

## FOURTH CAUSE OF ACTION

### Failure to Engage in a Timely, Good Faith,

### Interactive Process with Employee with a Disability

### (Cal. Govt. Code §§ 12940, *et seq.*)

### [Against all Defendants]

115. Plaintiff restates and incorporates by reference all above stated paragraphs as though set forth herein.

116. At all times relevant hereto, Plaintiff was willing and able to perform the essential duties and functions of the position she held at Defendants, or could have performed the duties and functions of her position with reasonable accommodation. At no time would performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, or disabilities as they were perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disabilities, or disabilities as they were perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff and failed to engage in the interactive process with Plaintiff and instead discriminated and harassed Plaintiff.

117. Defendants were aware of Plaintiff's disabilities and medical condition as alleged above and herein. Defendants failed and refused to engage Plaintiff in a good faith interactive process and/or to accommodate her disabilities.

118. Defendants harassed, discriminated, retaliated, did not engage in the interactive process with her, and did not accommodate her disabilities because of Plaintiff's disabilities or perceived disabilities or medical condition, because of her participation in protected activities, because of her opposition to discrimination and harassment, because she complained to Defendants about Defendants' discrimination and harassment of her, because she took leaves of absence, because she required accommodation and/or some combination of these protected characteristics and/or activities.

21

COMPLAINT

119. Defendants' failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of the FEHA.

120. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

121. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff was damaged.

122. As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, medical expenses, anxiety, stress, losses in salary/wages, advancement, opportunity advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had she not be subjected to unlawful and/or wrongful conduct, all to her damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial.

123. As a direct and proximate result of Defendants' unlawful conduct, plaintiff has suffered and continues to suffer general and special, economic and non-economic damages in an amount to be proven at trial.

124. Indeed, Plaintiff has been caused, and did suffer, continues to suffer severe and/or permanent emotional distress and mental distress. Prior to the occurrences of the incidents, Plaintiff did not suffer from severe emotional distress or did not do so to the extent she currently does, which was caused and/or exacerbated as a result of aforesaid Defendants' conduct, as described herein. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

125. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has been forced and/or may be forced to incur expenses for medical care and/or treatment, all in an amount which is presently unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

126. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has suffered and/or will suffer monetary damages, including but not limited to a loss of

22

COMPLAINT

earnings.  Plaintiff will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

127.    The foregoing conduct of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and/or with their express knowledge, consent, and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof Defendant's conduct constitutes malice, oppression, or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294.

128.    The foregoing conduct of Defendants was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

129.    By the acts and conduct of aforesaid Defendants, Plaintiff was directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, medical and related expenses for care and procedures now and in the future, attorneys' fees, and other pecuniary loss not yet ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

130.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

131.    The FEHA also provides remedies, including by not limited to, declaratory and injunctive relief, which Plaintiff is entitled to as a result of aforesaid Defendants' unlawful conduct.

COMPLAINT

Arin | James APC
On behalf of the employee.

132. Plaintiff has exhausted all applicable administrative remedies.

133. Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination, Harassment, and Retaliation

### (Cal. Govt. Code §§ 12940, *et seq.*)

### [Against all Defendants]

134. Plaintiff restates and incorporates by reference all above stated paragraphs as though set forth herein.

135. At all times hereto, the FEHA, including in particular Government Code §12940(k) was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring, and failing to remedy the same.

136. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

137. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff was damaged.

138. As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, medical expenses, anxiety, stress, losses in salary/wages, advancement, opportunity advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had she not be subjected to unlawful and/or wrongful conduct, all to her damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial.

139. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged hereinabove and below, Plaintiff has been harmed in that she has suffered

24

COMPLAINT

Arin | James APC
On behalf of the employee.

intangible loss of such employment-related opportunities as experience from her position and lack of opportunities to perform duties and tasks within her lengthy experience and expertise, without limitation.

140.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendants were the result and consequences of Defendants' failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.  By failing to stop the discrimination, harassment and retaliation, Defendants ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

141.    As a direct and proximate result of Defendants' unlawful conduct, plaintiff has suffered and continues to suffer general and special, economic and non-economic damages in an amount to be proven at trial.

142.    Indeed, Plaintiff has been caused, and did suffer, continues to suffer severe and/or permanent emotional distress and mental distress.  Prior to the occurrences of the incidents, Plaintiff did not suffer from severe emotional distress or did not do so to the extent she currently does, which was caused and/or exacerbated as a result of aforesaid Defendants' conduct, as described herein.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

143.    As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has been forced and/or may be forced to incur expenses for medical care and/or treatment, all in an amount which is presently unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

144.    As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has suffered and/or will suffer monetary damages, including but not limited to a loss of earnings.  Plaintiff will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

25

COMPLAINT

145.     The acts of aforesaid Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and/or with their express knowledge, consent, and ratification.  Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof Defendants' conduct constitutes malice, oppression, or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294.

146.     The foregoing conduct of Defendants was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

147.     By the acts and conduct of aforesaid Defendants, Plaintiff was directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, medical and related expenses for care and procedures now and in the future, attorneys' fees, and other pecuniary loss not yet ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

148.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

149.     The FEHA also provides remedies, including by not limited to, declaratory and injunctive relief, which Plaintiff is entitled to as a result of aforesaid Defendants' unlawful conduct.

150.     Plaintiff has exhausted all applicable administrative remedies.

26

COMPLAINT

151. Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

## SIXTH CAUSE OF ACTION

### Violation of and Interference With the CFRA

### (Cal. Govt. Code § 12945.2)

### [Against all Defendants]

152. Plaintiff restates and incorporates by reference all above stated paragraphs as though set forth herein.

153. Plaintiff had been employed by Defendants for at least 12 months as of the date she needed leave and had at least 1,250 hours of service to Defendants during the 12-month period immediately preceding her need for leave and was employed at a worksite of Defendants where Defendants employed at least 5 employees within 75 miles.

154. Plaintiff had disabilities, perceived disabilities, and/or medical condition for which Defendants were required to provide Plaintiff protected leave under the CFRA and inform Plaintiff of Plaintiff's rights under the CFRA. Defendants engaged in conduct that retaliated against Plaintiff and thereby violated the CFRA and interfered with her CFRA rights in violation of Government Code § 12945.2. Plaintiff is informed and believes, and based thereon alleges, that Defendants did not offer Plaintiff leave under the CFRA.

155. Plaintiff suffered the adverse employment actions of disability discrimination, retaliation, failure to prevent discrimination, failure to accommodate, failure to engage in engage in an interactive process, denial of and interference with her rights under the CFRA, loss of gainful employment and related benefits, termination of employment, and was harmed as result. Defendants' unlawful conduct alleged herein and above, was a substantial factor in causing Plaintiff's harm.

156. Plaintiff is informed and believes, and based thereon alleges, that her disabilities or perceived disabilities, participation in protected activity, requiring medical leave, exercising her rights under the CFRA, and/or some combination of these protected characteristics and/or

27

COMPLAINT

activities were substantial motivating reasons and/or factors in the decision to subject Plaintiff to the aforementioned adverse employment actions.

157.    Said conduct violates the CFRA, and such violations were a proximate cause in Plaintiff's damages as stated below.

158.    As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff was damaged.

159.    As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, losses in salary/wages, advancement, opportunity advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had she not be subjected to unlawful and/or wrongful conduct, all to her damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial.

160.    As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged hereinabove and below, Plaintiff has been harmed in that she has suffered intangible loss of such employment and employment-related opportunities as experience from her position and lack of opportunities to perform duties and tasks within her lengthy experience and expertise, without limitation.

161.    Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendants were the result and consequences of Defendants' failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendants ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.  By failing to stop the discrimination, harassment and retaliation, Defendants ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

162.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer general and special, economic and non-economic damages in an amount to be proven at trial.

28

COMPLAINT

163. Indeed, Plaintiff has been caused, and did suffer, continues to suffer severe and/or permanent emotional distress and mental distress. Prior to the occurrences of the incidents, Plaintiff did not suffer from severe emotional distress or did not do so to the extent she currently does, which was caused and/or exacerbated as a result of aforesaid Defendants' conduct, as described herein. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

164. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has been forced and/or may be forced to incur expenses for medical care and/or treatment, all in an amount which is presently unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

165. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff has suffered and/or will suffer monetary damages, including but not limited to a loss of earnings. Plaintiff will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

166. The acts of aforesaid Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and/or with their express knowledge, consent, and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof Defendants' conduct constitutes malice, oppression, or fraud under Civil Code § 3294, entitling Plaintiff to punitive and exemplary damages from Defendants and DOES 1 through 20 in an amount to be determined at the time of trial pursuant to Civil Code § 3294.

167. The foregoing conduct of Defendants was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud

29

COMPLAINT

under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants and DOES 1 through 20.

168.    By the acts and conduct of aforesaid Defendants, Plaintiff was directly and legally caused to suffer actual damages pursuant to Civil Code § 3333, including loss of earnings and future earning capacity, medical and related expenses for care and procedures now and in the future, attorneys' fees, and other pecuniary loss not yet ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

169.    Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

170.    The FEHA also provides remedies, including by not limited to, declaratory and injunctive relief, which Plaintiff is entitled to as a result of aforesaid Defendants' unlawful conduct.

171.    Plaintiff has exhausted all applicable administrative remedies.

Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

**SEVENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**[Against all Defendants]**

172.    Plaintiff restates and incorporates by reference all above stated paragraphs as though set forth herein.

173.    It is the public policy of the State of California as expressed in the Americans with Disabilities Act, Federal Statute, California Fair Employment and Housing Act, and the Federal and California Constitution that individuals shall not be terminated from their employment on the basis of disabilities, perceived disabilities, and/or medical conditions and for the herein mentioned protected characteristics and/or activities.

174.    At all relevant times herein, Defendants had knowledge of Plaintiff's disabilities and/or medical condition, and/or perceived her to have disabilities, and protected activities.

175.    As described above, Plaintiff is informed and believes, and based thereon alleges, that her reports of violations of state and/or federal law to Defendants, her disabilities and/or

30

COMPLAINT

perceived disabilities and/or medical condition, her need and requests for accommodation due to her disabilities, participation in protected activities, opposition to discrimination and harassment of her, and/or some combination of these protected characteristics and/or activities were substantial motivating reasons and/or factors in the decision to terminate Plaintiff's employment. Plaintiff's employment was also terminated due to her need and request for accommodation.

176. Defendants terminated Plaintiff's employment for the above-mentioned unlawful reasons and thus, in violation of public policy.

177. Said conduct violates public policy, and such violations were a proximate cause in Plaintiff's damages as stated below.

178. As a direct and legal result of the acts and omissions of aforesaid Defendants, Plaintiff was damaged.

179. As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, medical expenses, anxiety, stress, losses in salary/wages, advancement, opportunity advancement, job benefits, additional amounts of money and other employment benefits which Plaintiff would have received had she not be subjected to unlawful and/or wrongful conduct, all to her damages in a sum within the jurisdiction of the Court to be ascertained according to proof at trial.

180. As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, as alleged hereinabove and below, Plaintiff has been harmed in that she has suffered intangible loss of such employment-related opportunities as experience from her position and lack of opportunities to perform duties and tasks within her lengthy experience and expertise, without limitation.

181. As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, plaintiff has suffered and continues to suffer general and special, economic and non-economic damages in an amount to be proven at trial.

182. Indeed, Plaintiff has been caused, and did suffer, continues to suffer severe and/or permanent emotional distress and mental distress. Prior to the occurrences of the incidents,

31

COMPLAINT

Arin | James APC

On behalf of the employee.

Plaintiff did not suffer from severe emotional distress or did not do so to the extent she currently does, which was caused and/or exacerbated as a result of aforesaid Defendants' conduct, as described herein. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

183. As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has been forced and/or may be forced to incur expenses for medical care and/or treatment, all in an amount which is presently unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

184. As a direct, foreseeable, and proximate result of the wrongful conduct of each Defendant as herein alleged, Plaintiff has suffered and/or will suffer monetary damages, including but not limited to a loss of earnings. Plaintiff will pray leave of court to show the total amount of monetary damages when ascertained and/or at the time of trial.

185. The acts of aforesaid Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and/or with their express knowledge, consent, and ratification. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof Defendants' conduct constitutes malice, oppression, or fraud under Civil Code §3294, entitling Plaintiff to punitive and exemplary damages from Defendants in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294.

186. The foregoing conduct of Defendants was intended to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

32

187. By the acts and conduct of aforesaid Defendants, Plaintiff was directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333, including loss of earnings and future earning capacity, medical and related expenses for care and procedures now and in the future, and other pecuniary loss not yet ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

188. Plaintiff has been damaged in an amount within the jurisdictional limits of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment as follows where applicable on Plaintiff's separately stated Causes of Action:

1. Compensatory and special damages as set forth throughout the complaint according to proof with prejudgment interest thereon to the extend allowable by law;

2. Damages for severe emotional distress, humiliation, grief, nervousness, worry, sadness, anger, frustration, embarrassment, helplessness, stress, and related emotional and mental anguish in an amount to be determined by the jury at the trial of this matter;

3. Damages for past loss of earnings, bonuses, and benefits, in spite of continuing attempts at mitigating damages, with such damages, increasing each day, plus interest in an amount to be determined by the jury at the trial of this matter;

4. Damages for future loss of earnings, bonuses and benefits, in spite of continuing attempts at mitigating damages, in an amount to be determines by the jury at the trial of this matter;

5. Attorneys' fees and costs;

6. Interest, including prejudgment interest, as allowed by law;

7. Punitive damages;

8. Such other and further relief as the court deems just and proper.

/ / /

/ / /

/ / /

33

COMPLAINT

Dated: February 6, 2026

**ARIN | JAMES APC**

By: _____
ARIN NORIJANIAN
JAMES H. DEMERJIAN
Attorneys for Plaintiff ALEXANDRA DIBACCO

**DEMAND FOR JURY TRIAL**

Plaintiff ALEXANDRA DIBACCO demands a trial by jury.

Dated: February 6, 2026

**ARIN | JAMES APC**

By: _____
ARIN NORIJANIAN
JAMES H. DEMERJIAN
Attorneys for Plaintiff ALEXANDRA DIBACCO

34

COMPLAINT

# Exhibit 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 6, 2026

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202602-33476406
      Right to Sue: DiBacco / F5, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

February 6, 2026

Alexandra DiBacco

,

RE:    **Notice of Case Closure and Right to Sue**
         CRD Matter Number: 202602-33476406
         Right to Sue: DiBacco / F5, Inc. et al.

Dear Alexandra DiBacco:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 6, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)
Complaint - Exhibit 1 - 000003

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Alexandra DiBacco                                      CRD No. 202602-33476406

Complainant,

vs.

F5, Inc.
801 5th Avenue
Seattle, WA 98104

F5 Networks, Inc.
801 5th Avenue
Seattle, WA 98104

NGINX Software, Inc.
795 Folsom Street, 6th Floor
San Francisco, CA 94107

Respondents

_____

1. Respondent **F5, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **F5 Networks, Inc.** business as Co-Respondent(s).
Complainant is naming **NGINX Software, Inc.** business as Co-Respondent(s).

3. Complainant **Alexandra DiBacco**, resides in the City of , State of .

4. Complainant alleges that on or about **October 15, 2025**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies.

-1-
Complaint – CRD No. 202602-33476406

Date Filed: February 6, 2026

CRD-ENF 80 RS (Revised 2025/11)

Complaint - Exhibit 1 - 000004

**Complainant was discriminated against** because of complainant's medical condition (cancer or genetic characteristic), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, given additional work responsibilities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, denied hire or promotion, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied employer paid health care while on family care and medical leave (cfra), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, given additional work responsibilities or assignments.

**Additional Complaint Details:** Complainant Complainant DiBacco ("Complainant") was employed by Respondent Nginx Software, Inc. ("Nginx"), Respondent F5 Networks, Inc. ("F5 Networks"), and Respondent F5, Inc. ("F5") (collectively, "Respondents") from on or around September 17, 2017 until her employment was wrongfully terminated on or around October 15, 2025.  Complainant is informed and believes, and based thereon alleges, that Nginx, F5 Networks, and F5 were at all relevant times joint employers and/or business entity agents of each other and carried out activities regulated by the FEHA on behalf of each other.
Complainant was a good and loyal employee, having earned multiple promotions throughout her employment.
In or around 2015, Complainant was diagnosed with thyroid cancer which had metastasized. In or around September 2015 Complainant underwent surgery and subsequently began treatment.
Complainant was hired on or around August 31, 2017 for the position of Sales Development Representative.
In April 2019, Complainant was promoted to the position of Strategic Business Development Representative.
In or around November 2019, the cancer recurred. Complainant underwent another surgery and subsequently began treatment again.  As a result, in or around January 2020, Complainant was required her to take leave under the California Family Rights Act due to this serious health/medical condition.  When Alexndra returned to work shortly thereafter, she continued to work.

-2-
*Complaint – CRD No. 202602-33476406*

Date Filed: February 6, 2026

In or around May 2020, Complainant earned another promotion, this time, to the position of Customer Success Manager ("CSM) II.  As a CSM II, Complainant was strictly servicing Nginx customers.  Complainant continued to perform well.

As a result of her 2020 diagnosis and following her recovery, Complainant required an annual medical examination in Houston, Texas.  Respondents were aware of this annual appointment and procedure.

In or around July or August 2022, Complainant's team was formally offered roles onto the F5 / F5 Networks customer success team in which Complainant would service customers of both Nginx and F5.  Complainant's compensation / salary structure changed and she began working under a new supervisor, Francisco Campirano ("Campirano"). Complainant is informed and believes, and based thereon alleges, that at all relevant times herein, Campirano was a supervisor within the meaning of the FEHA.  Complainant continued to perform well.  Campirano was aware of Complainant's prior cancer diagnoses.

On or around March 5, 2025, Complainant received another promotion, this time, to the position of CSM III. Complainant continued to be supervised by Campirano.  Complainant is informed and believes, and based thereon alleges, that Campirano was one of the decisionmakers over her promotion at this time.

On or around Sunday May 4, 2025, Complainant noticed swelling in her neck and caused to be very concerned and scared.  The swelling to her neck caused Complainant to fear that her diagnoses from 2015 and 2020 had returned.  This issue also caused Complainant to experience extreme mental stress which began affecting her at work. Complainant became disabled within the meaning of the FEHA as these physical and mental conditions limited major live activities, including, but not limited to, physical, mental, and social activities, and/or working, and/or sleeping, and/or speaking, and/or concentrating, and/or thinking, and/or communicating, and/or interacting with others.

On or around May 6 or May 7, 2025, Complainant informed Campirano regarding this development and that she was not feeling well.  Complainant went to her physician to have the swelling evaluated on or around May 6, 2025.  Her physician acknowledged the swelling and advised Complainant to continue to monitor it.

On or around May 6 or May 7, 2025 (the same day of her doctor's appointment, or the day after), Complainant attended a videoconference meeting with a client, along with Campirano and Senior Director Helena Kantzavelos. This particular customer was a legacy customer and it was Complainant's first time meeting him. The meeting was at 7 a.m. Pacific Standard Time.  Prior to the meeting, Complainant and the Account Team came to an agreement that Complainant would assume a certain role during the meeting with the customer.  The swelling in Complainant's neck was visible and obvious, and she was under extreme stress. The conversation with the customer grew increasingly intense, as the customer repeatedly argued that he was entitled to a new contract. Complainant explained to the customer the reasons why a new contract was not possible. Following this videoconference in June 2025, Complainant spoke to Kantzavelos and told her that she wasn't feeling herself, that she was feeling sick, and specifically told Kantzavelos about the swelling in her neck that was making her feel stressed and scared. Kantzavelos was also aware of Complainant's prior cancer diagnoses.

All the while, Complainant was also preparing to leave the country to travel to Japan for a pre-planned trip on May 8, 2025.  The thought of traveling to a foreign country while fearing

-3-

*Complaint – CRD No. 202602-33476406*

Date Filed: February 6, 2026

CRD-ENF 80 RS (Revised 2025/11)

Complaint - Exhibit 1 - 000006

that her diagnosis may have returned was causing Complainant to experience intense stress and anxiety.

On or around May 8, 2025 prior to leaving the country, Complainant spoke to another manager – Christopher An – and informed him that she was feeling sick and described her physical symptom.  An downplayed the issue and said that maybe she had slept on the wrong side.  This made Complainant feel like her issue wasn't being taken seriously.  Complainant then went to Japan.

The swelling in Complainant's neck worsened while she was in Japan, and on or around May 14, 2025, Complainant attended a medical appointment with an ENT doctor in Osaka.  Complainant returned to work on or around May 27, 2025.

Immediately upon returning to work, Complainant informed Campirano that the swelling in her neck had gotten worse while she was in Japan.

On or around July 18, 2025, Complainant was seen at a local San Diego based healthcare provider and underwent a medical procedure / evaluation. Complainant had made this appointment several weeks prior. Complainant also informed Campirano about this appointment.  The procedure / examination showed abnormalities which required more serious and invasive testing in Houston, Texas.  Complainant's stress and anxiety increased significantly, and it continued affecting her at work.

Meanwhile, beginning in or around July 2025, Campirano's attitude changed with Complainant. He began a campaign of retaliation and harassment whereby he would scold her and micromanage for her routine tasks, such as updates to the administrative system, which constitutes harassment.  Complainant was struggling mentally and Campirano was aware of this. Complainant desperately required an accommodation but feared retaliation from Campirano. Campirano did nothing to help or accommodate her.

Complainant's appointment at the Houston, Texas facility was scheduled for August 21, 2025.  She made this appointment at least about two weeks beforehand. Complainant informed Campirano about this appointment as well.

Complainant traveled to Houston on or around August 21, 2025 and underwent additional testing and an additional medical examination.  Her physicians told Complainant to continue to monitor the situation.

Complainant returned to work the next day, on or around August 22, 2025.

In or around August 2025, Campirano issued a retaliatory Management Assessment and Ratings form that Complainant is informed and believes, and based thereon alleges, was placed inside her personnel file.  For the first time in her career with Respondents, Complainant was rated "Below Expected Impact."  The evaluation also referenced the May 6 or 7 customer meeting, and Campirano said she needed "more collaborative behaviors." The Assessment also contained other retaliatory statements.  Complainant is informed and believes, and based thereon alleges, that Campirano harbored discriminatory and retaliatory animus against her due to her disabilities, medical conditions, medical appointments, and her needs for accommodation. Complainant is informed and believes, and based thereon alleges, that at no time did Campirano engage in an interactive process with her.

Complainant continued to work through September, despite struggling mentally after everything she had been through.  No one at Respondents engaged in an interactive process with Complainant nor did anyone offer her any accommodations.  No one at Respondents offered CFRA leave to Complainant, even though she met the qualifications for said leave.

-4-

*Complaint – CRD No. 202602-33476406*

Date Filed: February 6, 2026

On or around October 7, 2025, Complainant was summoned into a videoconference meeting with Campirano and a human resources representative. Campirano informed Complainant that her employment was terminated. Complainant was in disbelief and became angry by this news. She could not believe that her long-term employer would terminate her after dealing with serious medical issues. Complainant objected to the termination and unequivocally stated that she was being discriminated against. The human resources representative then stated things were "getting heated" and the meeting was ended.

On October 15, 2025, Respondents wrongfully terminated Complainant's employment. Respondents presented Complainant with a severance agreement, offering her money in exchange for a full release of any and all claims, known and unknown. Complainant refused to sign the severance agreement.

Respondents discriminated, harassed, and retaliated against Complainant based on her disabilities, perceived disabilities, and/or medical condition, her need for accommodation, and her protected activities. Respondents also violated the CFRA. Respondents failed to accommodate Complainant and failed to engage in an interactive process.

-5-
*Complaint – CRD No. 202602-33476406*

Date Filed: February 6, 2026

CRD-ENF 80 RS (Revised 2025/11)

Complaint - Exhibit 1 - 000008

VERIFICATION

I, **James H. Demerjian**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On February 6, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Glendale, California**

-6-
*Complaint – CRD No. 202602-33476406*

Date Filed: February 6, 2026

CRD-ENF 80 RS (Revised 2025/11)

Complaint - Exhibit 1 - 000009

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

F5, INC., a Washington Corporation; F5 NETWORKS, INC., a Washington Corporation; NGINX SOFTWARE, INC., a California Corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALEXANDRA DIBACCO, an individual,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
2/6/2026 5:40:46 PM

Clerk of the Superior Court
By P. Neal          ,Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of

San Diego - Hall of Justice - 330 West Broadway, San Diego, CA 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*

**26CU006861C**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arin Norijanian and James H. Demerjian - Arin | James APC - 100 N. Brand Blvd., Suite 620, Glendale, CA 91203; 818-476-0133

DATE: *(Fecha)* February 9, 2026       Clerk, by *(Secretario)* _Pauline Neal_ , Deputy *(Adjunto)*
P. Neal

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 266525 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY

NAME: James H. Demerjian
FIRM NAME: Arin | James APC
STREET ADDRESS: 100 N. Brand Blvd., Suite 620
CITY: Glendale   STATE: CA   ZIP CODE: 91203
TELEPHONE NO.: 818-476-0133   FAX NO.: 818-230-5243
EMAIL ADDRESS: james@arinjames.com
ATTORNEY FOR (name): Plaintiff Alexandra DiBacco

STATE BAR NUMBER: 266525

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

2/6/2026 5:40:46 PM

Clerk of the Superior Court
By P. Neal   ,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
DiBacco v. F5, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26CU006861C |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Carolyn M. Caietti<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3

→

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?   ☐ Yes   ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a.  ☐  Large number of separately represented parties

b.  ☐  Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c.  ☐  Substantial amount of documentary evidence

d.  ☐  Large number of witnesses

e.  ☐  Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f.  ☐  Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):*

a.  ☒  monetary

b.  ☐  nonmonetary; declaratory or injunctive relief

c.  ☒  punitive

4.  Number of causes of action *(specify):* Seven (7)

5.  Is this case a class action suit?   ☐ Yes   ☒ No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 6, 2026

James H. Demerjian
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---

Rev. January 1, 2026

**Civil Case Cover Sheet**

**CM-010**, Page 2 of 3



**CM-010**

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
Wrongful Death
Uninsured Motorist (46) *(if the case involves
an uninsured motorist claim subject to
arbitration, check this item instead of Auto)*

**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians &
Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g.,
assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
*(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not
medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not
unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff
*(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord-tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
check this item; otherwise, report as
Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case
Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
involves an Employment Development
Department decision, check this item
instead of Wrongful Termination or Other
Employment)*

**Provisionally Complex Civil Litigation (Cal.
Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
(47)
Insurance Coverage Claims *(arising from
provisionally complex case type listed
above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid
taxes)*
Petition/Certification of Entry of Judgment
on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief
Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-
tort/non-complex)*
Other Civil Complaint *(non-tort/non-
complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W. Broadway | |
| MAILING ADDRESS: 330 W. Broadway | |
| CITY AND ZIP CODE: San Diego, 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: 619-450-7070 | |

PLAINTIFF(S) / PETITIONER(S):  Alexandra DiBacco

DEFENDANT(S) / RESPONDENT(S):  F5 Inc

DIBACCO VS F5 INC

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE** (CIVIL) | CASE NUMBER: 26CU006861C |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: CAROLYN M. CAIETTI                              Department: C-70

**COMPLAINT/PETITION FILED:** 02/06/2026

| **TYPE OF HEARING SCHEDULED** | **DATE** | **TIME** | **DEPT** |
|---|---|---|---|
| Case Management Conference | 07/10/2026 | 9:45 AM | C-70 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:**. The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT E



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 26CU006861C                    CASE TITLE: DiBacco vs F5 Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _and_
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference**: A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Case 3:26-cv-02806-AGS-AHG   Document 1   Filed 05/01/26   PageID.72   Page 72 of 100

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

# EXHIBIT F

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 W. Broadway<br>MAILING ADDRESS: 330 W. Broadway<br>CITY AND ZIP CODE: San Diego, 92101<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Alexandra DiBacco | |
| DEFENDANT(S): F5 Inc | |
| SHORT TITLE: DIBACCO VS F5 INC | |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>26CU006861C |
|---|---|

Judge: CAROLYN M. CAIETTI                                          Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                              Name of Defendant

_____                    _____
Signature                                                      Signature

_____                    _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney

_____                    _____
Signature                                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/09/2026                                          _____
                                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev. 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page 1

# EXHIBIT G

PORTIA MOORE (State Bar No. 108023)
portiamoore@dwt.com
GIANCARLO UREY (State Bar No. 267069)
giancarlourey@dwt.com
MARIA ARAKELIAN (State Bar No. 327796)
mariaarakelian@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
F5, INC. and NGINX SOFTWARE, INC.

ARIN NORIJANIAN (State Bar No. 260936)
arin@arinjarnes.com
JAMES H. DEMERJIAN (State Bar No. 266525)
james@arinjames.com
ARIN JAMES APC
100 North Brand Boulevard, Suite 620
Glendale, CA 91203
Telephone: (818) 476-0133
Fax: (818) 230-5243

Attorneys for Plaintiff
ALEXANDRA DIBACCO

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

4/16/2026 2:24:31 PM

Clerk of the Superior Court
By A. Villasenor        ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ALEXANDRA DIBACCO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>F5, INC., a Washington Corporation; F5 NETWORKS, INC., a Washington Corporation; NGINX SOFTWARE, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **26CU006861C**<br><br>**JOINT STIPULATION TO DISMISS DEFENDANT F5 NETWORKS, INC.**<br><br>Assigned to the Hon. Carolyn M. Caietti<br>Dept.:      C-70<br><br><br>Action Filed:  February 6, 2026 |

Plaintiff Alexandra DiBacco ("Plaintiff") and Defendants F5, Inc. and NGINX Software, Inc. ("NGINX") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, Plaintiff filed a complaint in this action on February 6, 2026, in which she has asserted claims against Defendants F5, Inc., F5 Networks, Inc., and NGINX;

WHEREAS, the Parties have met and conferred regarding the corporate history of F5 Networks, Inc., including its prior names and subsequent name change to F5, Inc., and agree that such history is accurately reflected as set forth below;

WHEREAS, on November 9, 2021, F5 Networks, Inc. amended its corporate name to F5, Inc., and on December 22, 2021, the Washington Secretary of State issued a certificate confirming the name change;

WHEREAS, on January 11, 2022, F5 Networks, Inc. filed an Amended Statement by Foreign Corporation with the California Secretary of State reflecting its name change to F5, Inc.;

WHEREAS, as a result of this name change, F5 Networks, Inc. no longer exists as a separate legal entity, and F5, Inc. is the same corporate entity formerly known as F5 Networks, Inc.;

WHEREAS, for purposes of Plaintiff's Complaint, and with respect to liability and/or damages, F5 Networks, Inc., is not Plaintiff's "employer" within the meaning of the Fair Employment and Housing Act, and Defendants F5, Inc. and NGINX will not later argue that F5 Networks, Inc. is Plaintiff's employer for purposes of liability and/or damages.

WHEREAS, in light of the foregoing, Plaintiff agrees to dismiss F5 Networks, Inc. from this action.

//
//
//
//
//
//

2

STIPULATION TO DISMISS F5 NETWORKS, INC.
4904-9266-4473v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties that:

1. Defendant F5 Networks, Inc. shall be dismissed from this action without prejudice and

2. The action shall proceed as to F5, Inc. and NGINX.

**IT IS SO STIPULATED.**

DATED: April 16, 2026          DAVIS WRIGHT TREMAINE LLP
                               PORTIA MOORE
                               GIANCARLO UREY
                               MARIA ARAKELIAN


                               By:_____/S/ Giancarlo Urey_____
                                           Giancarlo Urey

                               Attorneys for Defendants
                               F5, INC. and NGNIX SOFTWARE, INC.


DATED: April 16, 2026          ARIN JAMES APC
                               ARIN NORIJANIAN
                               JAMES H. DEMERJIAN


                               By:_____/S/ James H. Demerjian_____


                               Attorneys for Plaintiff
                               ALEXANDRA DIBACCO

It is So Ordered.

4/21/26          _____Carolyn M. Gaietti_____

                 Carolyn M. Gaietti, Judge

---

STIPULATION TO DISMISS F5 NETWORKS, INC.
4904-9266-4473v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE BY ELECTRONIC MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071.

On April 16, 2026, I served the foregoing document(s) described as:

**JOINT STIPULATION TO DISMISS DEFENDANT F5 NETWORKS, INC.**

by forwarding a portable document file to the electronic mail address(es) below:

Arin Norijanian, Esq.
James H. Demerjian, Esq.
ARIN | JAMES APC
100 North Brand Blvd., Suite 620
Glendale, CA 91203
Tel:    (818) 476-0133
Fax:    (818) 230-5243
Em:    arin@arinjames.com
          james@arinjames.com

**(FROM ELECTRONIC MAIL ADDRESS melissastrobel@dwt.com)** at 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071.

Executed on April 16, 2026, at Los Angeles, California.

☒    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| MELISSA A. STROBEL | /S/ Melissa A. Strobel |
|---|---|
| Print Name | Signature |

STIPULATION TO DISMISS F5 NETWORKS, INC.
4904-9266-4473v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT H

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 266525 | FOR COURT USE ONLY |
|---|---|
| NAME: James H. Demerjian<br>FIRM NAME: Arin \| James APC<br>STREET ADDRESS: 100 N. Brand Blvd., Suite 620<br>CITY: Glendale    STATE: CA    ZIP CODE: 91203<br>TELEPHONE NO.: 818-476-0133    FAX NO. : 818-230-5243<br>E-MAIL ADDRESS: james@arinjames.com<br>ATTORNEY FOR (Name): Plaintiff Alexandra DiBacco | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego 92101<br>BRANCH NAME: Hall of Justice |

| Plaintiff/Petitioner: Alexandra DiBacco |
|---|
| Defendant/Respondent: F5, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>26CU006861C |
|---|---|

TO (insert name of party being served): F5, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: March 12, 2026

James H. Demerjian
(TYPE OR PRINT NAME)

► _(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)_

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

Civil Case Cover Sheet, Notice of Case Assignment, ADR Information, and Stipulation to use ADR.

(To be completed by recipient):

Date this form is signed: April 1, 2026
Giancarlo Urey, Counsel for Defendant
F5, Inc. (formerly known as F5 Networks, Inc.)

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 266525 | FOR COURT USE ONLY |
|---|---|---|

NAME: James H. Demerjian
FIRM NAME: Arin | James APC
STREET ADDRESS: 100 N. Brand Blvd., Suite 620
CITY: Glendale          STATE: CA     ZIP CODE: 91203
TELEPHONE NO.: 818-476-0133     FAX NO. : 818-230-5243
E-MAIL ADDRESS: james@arinjames.com
ATTORNEY FOR (Name): Plaintiff Alexandra DiBacco

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
  STREET ADDRESS: 330 West Broadway
  MAILING ADDRESS: 330 West Broadway
  CITY AND ZIP CODE: San Diego 92101
  BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: Alexandra DiBacco

Defendant/Respondent: F5, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 26CU006861C |
|---|---|

TO (insert name of party being served): NGINX Software, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 12, 2026

James H. Demerjian
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

   Civil Case Cover Sheet, Notice of Case Assignment, ADR Information, and Stipulation to use ADR.

(To be completed by recipient):

Date this form is signed: April 1, 2026

Giancarlo Urey, Counsel for Defendant NGINX Software, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT I

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Arin Norijanian (SBN 260936)<br>James H. Demerjian (SBN 266525)<br>Arin \| James APC<br>100 N. Brand Blvd., Suite 620, Glendale, California 91203<br><br>TELEPHONE NO.: 818-476-0133    FAX NO. (Optional): 818-230-5243<br>E-MAIL ADDRESS (Optional): arin@arinajames.com; james@arinjames.com<br>ATTORNEY FOR (Name): Plaintiff Alexandra DiBacco | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

| PLAINTIFF/PETITIONER: Alexandra DiBacco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: F5, Inc., et al. | 26CU006861C |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [x] other *(specify documents):* Notice of Case Assignment, Stipulation to use ADR

3. a. Party served *(specify name of party as shown on documents served):*
      F5, Inc.
   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Giancarlo Urey, Esq. - counsel for Defendant F5, Inc., agreed to accept service by way of NAR (attached)

4. Address where the party was served:
   Giancarlo Urey, Esq. - giancarlourey@dwt.com - 350 South Grand Ave. 27th Floor, Los Angeles, California 90071

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                          (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*                at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*              or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| PLAINTIFF/PETITIONER: Alexandra DiBacco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: F5, Inc., et al. | 26CU006861C |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1)  on *(date):*                (2)  from *(city):*

     (3)  ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

     (4)  ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☒  **by other means** *(specify means of service and authorizing code section):*
On March 12, 2026, I emailed the documents identified in Section 2 above along with an NAR form to counsel for Defendant. On April 1, 2026, counsel for Defendant returned the signed NAR form (attached hereto).

     ☒  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☒  On behalf of *(specify):* F5, Inc.
     under the following Code of Civil Procedure section:

     ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                              ☐ other:

7.  **Person who served papers**
  a.  Name: James H. Demerjian
  b.  Address: 100 N. Brand Blvd., Suite 620, Glendale, California 91203
  c.  Telephone number: 818-476-0133
  d.  **The fee** for service was: $ 0.00
  e.  I am:
     (1)  ☒  not a registered California process server.
     (2)  ☒  exempt from registration under Business and Professions Code section 22350(b).
     (3)  ☐  a registered California process server:
        (i)  ☐ owner    ☐ employee    ☐ independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 13, 2026

James H. Demerjian            ▶ _____
_____               (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev. January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: 266525     **POS-015**

NAME: James H. Demerjian

FIRM NAME: Arin | James APC

STREET ADDRESS: 100 N. Brand Blvd., Suite 620

CITY: Glendale     STATE: CA    ZIP CODE: 91203

TELEPHONE NO.: 818-476-0133     FAX NO.: 818-230-5243

E-MAIL ADDRESS: james@arinjames.com

ATTORNEY FOR (Name): Plaintiff Alexandra DiBacco

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: 330 West Broadway

CITY AND ZIP CODE: San Diego 92101

BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: Alexandra DiBacco

Defendant/Respondent: F5, Inc., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 26CU006861C |
|---|---|

TO *(insert name of party being served):* F5, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 12, 2026

James H. Demerjian

(TYPE OR PRINT NAME)

▶ _(signature)_

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other *(specify):*

     Civil Case Cover Sheet, Notice of Case Assignment, ADR Information, and Stipulation to use ADR.

*(To be completed by recipient):*

Date this form is signed: April 1, 2026

Giancarlo Urey, Counsel for Defendant
F5, Inc. (formerly known as F5 Networks, Inc.)

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]     **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**     Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

## PROOF OF SERVICE

### *DiBacco v. F5, Inc., et al.*

**San Diego County Superior Court Case Number 26CU006861C**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 100 North Brand Boulevard, Suite 620, Glendale, California 91203.

On April 13, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

1. **PROOF OF SERVICE SUMMONS (F5, Inc.)**
2. **PROOF OF SERVICE OF SUMMONS (NGINX, Inc.)**

**Attorneys for Defendants:**
Giancarlo Urey, Esq.
Portia Moore, Esq.
Maria Arakelian, Esq.
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
213-633-6805
giancarlourey@dwt.com
portiamoore@dwt.com
mariaarakelian@dwt.com

**On the date above, I electronically served the documents listed above to the recipients on this service list pursuant to CCP section 1010.6.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 13, 2026, at Glendale, California.

_____
James Demerjian

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arin Norijanian (SBN 260936)<br>James H. Demerjian (SBN 266525)<br>Arin \| James APC<br>100 N. Brand Blvd., Suite 620, Glendale, California 91203<br><br>TELEPHONE NO.: 818-476-0133    FAX NO. *(Optional)*: 818-230-5243<br>E-MAIL ADDRESS *(Optional)*: arin@arinajames.com; james@arinjames.com<br>ATTORNEY FOR *(Name)*: Plaintiff Alexandra DiBacco | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

| PLAINTIFF/PETITIONER: Alexandra DiBacco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: F5, Inc., et al. | 26CU006861C |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. [x] summons

    b. [x] complaint

    c. [x] Alternative Dispute Resolution (ADR) package

    d. [x] Civil Case Cover Sheet *(served in complex cases only)*

    e. [ ] cross-complaint

    f. [x] other *(specify documents):* Notice of Case Assignment, Stipulation to use ADR

3. a. Party served *(specify name of party as shown on documents served):*
    NGINX Inc.

    b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Giancarlo Urey, Esq. - counsel for Defendant NGINX Inc., agreed to accept service by way of NAR (attached)

4. Address where the party was served:
    Giancarlo Urey, Esq. - giancarlourey@dwt.com - 350 South Grand Ave. 27th Floor, Los Angeles, California 90071

5. I served the party *(check proper box)*

    a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):*                    (2) at *(time):*

    b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or [ ] a declaration of mailing is attached.

        (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

POS-010

| PLAINTIFF/PETITIONER: Alexandra DiBacco | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: F5, Inc., et al. | 26CU006861C |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section)*:
On March 12, 2026, I emailed the documents identified in Section 2 above along with an NAR form to counsel for Defendant. On April 1, 2026, counsel for Defendant returned the signed NAR form (attached hereto).

    ☒ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*: NGINX Inc.
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
  a. Name: James H. Demerjian
  b. Address: 100 N. Brand Blvd., Suite 620, Glendale, California 91203
  c. Telephone number: 818-476-0133
  d. **The fee** for service was: $0.00
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 13, 2026

James H. Demerjian

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
              (SIGNATURE)

POS-010 [Rev. January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 266525 | FOR COURT USE ONLY |
|---|---|---|

NAME: James H. Demerjian
FIRM NAME: Arin | James APC
STREET ADDRESS: 100 N. Brand Blvd., Suite 620
CITY: Glendale    STATE: CA    ZIP CODE: 91203
TELEPHONE NO.: 818-476-0133    FAX NO.: 818-230-5243
E-MAIL ADDRESS: james@arinjames.com
ATTORNEY FOR (Name): Plaintiff Alexandra DiBacco

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

Plaintiff/Petitioner: Alexandra DiBacco

Defendant/Respondent: F5, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 26CU006861C |
|---|---|

TO (insert name of party being served): NGINX Software, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 12, 2026

James H. Demerjian
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

Civil Case Cover Sheet, Notice of Case Assignment, ADR Information, and Stipulation to use ADR.

(To be completed by recipient):

Date this form is signed: April 1, 2026

Giancarlo Urey, Counsel for Defendant NGINX Software, Inc.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

## PROOF OF SERVICE

### *DiBacco v. F5, Inc., et al.*

**San Diego County Superior Court Case Number 26CU006861C**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 100 North Brand Boulevard, Suite 620, Glendale, California 91203.

On April 13, 2026, I served true copies of the following document(s) described as on the interested parties in this action as follows:

1. **PROOF OF SERVICE SUMMONS (F5, Inc.)**
2. **PROOF OF SERVICE OF SUMMONS (NGINX, Inc.)**

**Attorneys for Defendants:**
Giancarlo Urey, Esq.
Portia Moore, Esq.
Maria Arakelian, Esq.
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
213-633-6805
giancarlourey@dwt.com
portiamoore@dwt.com
mariaarakelian@dwt.com

**On the date above, I electronically served the documents listed above to the recipients on this service list pursuant to CCP section 1010.6.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 13, 2026, at Glendale, California.

_____
James Demerjian

# EXHIBIT J

PORTIA MOORE (State Bar No. 108023)
portiamoore@dwt.com
GIANCARLO UREY (State Bar No. 267069)
giancarlourey@dwt.com
MARIA ARAKELIAN (State Bar No. 327796)
mariaarakelian@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
F5, INC. and NGINX SOFTWARE, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
4/30/2026 1:15:58 PM

Clerk of the Superior Court
By A. Vargas          ,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ALEXANDRA DIBACCO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>F5, INC., a Washington Corporation; F5 NETWORKS, INC., a Washington Corporation; NGINX SOFTWARE, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **26CU006861C**<br><br>**DEFENDANTS F5, INC. AND NGINX SOFTWARE, INC.'S ANSWER TO COMPLAINT**<br><br>Assigned to the Hon. Carolyn M. Caietti<br>Dept.:          C-70<br><br>Action Filed:  February 6, 2026 |

Defendants F5, Inc. and NGNIX Software, Inc. ("NGNIX") (collectively, "Defendants"), answering for themselves and no others, in response to the unverified Complaint for Damages ("Complaint") filed by Plaintiff Alexandra DiBacco ("Plaintiff"), respond as follows:

## GENERAL DENIAL

1. Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2. Defendants further deny that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission on the part of Defendants, and specifically deny that Plaintiff suffered any of the damages alleged in the Complaint.

3. Defendants further deny that Plaintiff is entitled to any relief against Defendants on any ground whatsoever, and deny that Plaintiff is entitled to damages against Defendants in any amount.

## AFFIRMATIVE DEFENSES

Having fully answered the allegations in the Complaint, Defendants assert the following additional affirmative and other defenses. In so doing, Defendants do not allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. The Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitations, including, without limitation, California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, California Civil Code sections 52(b)(2), California Government Code sections 12960(d) and 12965(b), and California Business and Professions Code section 17208.

DEFENDANTS' ANSWER TO COMPLAINT
4926-9239-2354v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## THIRD AFFIRMATIVE DEFENSE

### (Laches/Waiver/Estoppel/Unclean Hands)

3.    The Complaint, and each and every cause of action therein, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Administrative Prerequisites)

4.    Plaintiff is precluded from asserting some or all of Plaintiff's claims to the extent that Plaintiff has failed to satisfy and exhaust the administrative prerequisites for bringing such claims and/or to the extent the Complaint is based on alleged acts or omissions not encompassed in the charges filed by Plaintiff with the California Civil Rights Department.

## FIFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

5.    As to any claim by Plaintiff for physical, mental, or emotional distress arising out of Plaintiff's employment, any such claim is barred in whole or in part by the California Workers' Compensation Act, California Labor Code sections 3200, *et seq.*, which provides the exclusive remedy for such injuries.

## SIXTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff and/or Third Parties)

6.    If Plaintiff sustained any damages, which Defendants deny, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff and/or third parties, or Plaintiff and/or third parties otherwise were at fault. Plaintiff is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendants therein, or Plaintiff's recovery, if any, should thereby be reduced in proportion to Plaintiff's fault, or the fault of third parties.

DEFENDANTS' ANSWER TO COMPLAINT
4926-9239-2354v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## SEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Ratified)

7. If any of the alleged wrongful acts in the Complaint were committed by Defendants' employees or by third parties not employed by Defendants, although such is not herein or hereby admitted and is specifically denied, then such actions were committed outside the scope of employment, and/or such conduct was unknown to, and not ratified by, Defendants, and thus Defendants are not liable for them.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

8. The Complaint, and each and every cause of action therein, is barred to the extent that Defendants have discovered facts, or may later discover facts, which, if known to Defendants prior to Plaintiff's termination of employment, would have created additional grounds or bases for Defendants' decision to terminate Plaintiff's employment.

## NINTH AFFIRMATIVE DEFENSE

### (Other Factors)

9. Even if Plaintiff could prove that an illegal motive was a factor in any employment action by Defendants—although such is not hereby admitted and is specifically denied—there were other legitimate factors that motivated the action. Defendants assert that they would have taken the same action with respect to Plaintiff in the absence of any impermissible motivating factors.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

10. All actions taken by Defendants with respect to Plaintiff were, at all times relevant to this action, taken in good faith for legitimate non-discriminatory and/or non-retaliatory reasons and without any intent to discriminate against or injure Plaintiff in any manner prohibited by law, including, without limitation, the California Fair Employment and Housing Act, California Government Code sections 12940, *et seq.*

DEFENDANTS' ANSWER TO COMPLAINT
4926-9239-2354v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Protected Activity)

11.    The Complaint, and each and every cause of action therein, is barred in whole or in part because Plaintiff did not engage in any protected activity.

## TWELFTH AFFIRMATIVE DEFENSE

### (Inadequate Request for Reasonable Accommodation)

12.    The failure to accommodate and failure to engage in interactive process causes of action are barred because Plaintiff did not adequately request reasonable accommodation for Plaintiff's alleged disability, did not provide adequate documentation showing the need for reasonable accommodation for Plaintiff's alleged disability, and otherwise failed to cooperate in the interactive process that may have been required.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Employment Relationship)

13.    The Complaint, and each and every cause of action contained therein, fails to state any cause of action against NGNIX because it was not Plaintiff's employer as a matter of fact or law, including without limitation the California Fair Employment and Housing Act, California Government Code sections 12900, *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

14.    Any injuries or damages allegedly suffered by Plaintiff were not proximately caused by any acts or omissions of Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

15.    The Complaint, and each and every cause of action therein, is barred because Plaintiff would be unjustly enriched if Plaintiff is permitted to recover on the Complaint.

5

DEFENDANTS' ANSWER TO COMPLAINT
4926-9239-2354v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

16. While Defendants deny that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff has failed to take reasonable action to mitigate or minimize Plaintiff's alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

17. Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Defendants, under the applicable provisions of law, including, but not limited to Article I, section 10, Article IV, section 2 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, sections 7, 9, 15, 17, and Article IV, section 16 of the California Constitution and California Civil Code section 3294.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedies)

18. Plaintiff is barred from asserting the request for equitable relief alleged in the Complaint because Plaintiff has adequate remedies at law and/or the equitable relief is neither necessary nor proper.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Injunction Based on Past Conduct)

19. Plaintiff is not entitled to the injunctive relief requested in the Complaint as Plaintiff cannot obtain injunctive relief based on past conduct.

\*     \*     \*     \*

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

DEFENDANTS' ANSWER TO COMPLAINT
4926-9239-2354v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by way of the Complaint;

2.    That the Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

3.    That Defendants be awarded their costs of suit;

4.    That Defendants be awarded attorneys' fees pursuant to statute and/or contract; and

5.    For such other and further relief as the Court deems just and proper.

DATED: April 30, 2026

DAVIS WRIGHT TREMAINE LLP
PORTIA MOORE
GIANCARLO UREY
MARIA ARAKELIAN

By:_____
Giancarlo Urey

Attorneys for Defendants
F5, INC. and NGINX SOFTWARE, INC.

7

DEFENDANTS' ANSWER TO COMPLAINT
4926-9239-2354v.2 0047306-000024

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071.

On April 30, 2026, I served the foregoing document(s) described as: **DEFENDANTS F5, INC. AND NGINX SOFTWARE, INC.'S ANSWER TO COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Arin Norijanian, Esq.
James H. Demerjian, Esq.
ARIN | JAMES APC
100 North Brand Blvd., Suite 620
Glendale, CA 91203
Tel:    (818) 476-0133
Fax:    (818) 230-5243
Em:    arin@arinjames.com
          james@arinjames.com

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on April 30, 2026, at Los Angeles, California.

☒    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

MELISSA A. STROBEL
Print Name

Signature

_____
DEFENDANTS' ANSWER TO COMPLAINT
4926-9239-2354v.2 0047306-000024

8